UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ANYANWU,<br><br>       Plaintiff,<br><br>   v.<br><br>JEREMY CHRISTENSON<br>U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br><br>       Defendant. | Civil No. 07-3266 (RHK/JSM)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, provides for dismissal of IFP cases not only where the complaint is "frivolous," but also where it "fails to state a claim on which relief may be granted."

dockets.Justia.com

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) under some cognizable legal theory.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff alleges that he was wrongly removed from his job at a state mental health care facility, where he is currently being detained by court order.  (Plaintiff apparently was committed to that facility after being found mentally incompetent to stand trial in a state criminal case.)  As far as the Court can tell, Plaintiff is claiming that the termination of his employment violated the federal civil rights laws that bar discrimination in employment matters.  However, the Court finds, for several reasons, that Plaintiff has failed to plead an actionable claim for relief.

First, the complaint does not adequately explain the circumstances pertaining to the termination of Plaintiff's employment.  Plaintiff alleges only that he "was wrongfully discharged from his job position."  A complainant need not plead every fact pertinent to his claim, but he must provide at least some supporting facts.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").  Plaintiff has not done that here.

The Court further notes that Plaintiff has failed to describe any specific wrongful act or omission by the only named Defendant – Jeremy Christensen.  Christensen is identified as an employee of the "Investigation Department" of the United States Immigration and Customs Enforcement, but he is never even mentioned in any of the substantive allegations

of the complaint. There certainly are no allegations describing anything that Defendant Christensen did (or failed to do) that could entitle Plaintiff to a judgment against him. For this additional reason, Plaintiff has failed to state any actionable claim for relief. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of complaint because plaintiff "failed to allege sufficient personal involvement by any of defendants to support... a claim").

Finally, Plaintiff has failed to allege that he has exhausted his administrative remedies. Before bringing a federal employment discrimination claim into federal court, (as Plaintiff apparently is attempting to do here), a complainant must first exhaust all available administrative remedies. As the Court of Appeals explained in Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994):

> "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Patterson v. McLean Credit Union, 491 U.S. 164, 180-81... (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim." Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996). Here, Plaintiff has not pleaded a cognizable employment discrimination claim, because he has not alleged in his complaint, and it does not otherwise appear from his submissions, that he has exhausted his administrative remedies. Therefore, Plaintiff does not have "the green light" to bring a federal employment discrimination claim in federal court at this time.

For all of the reasons discussed above, the Court concludes that Plaintiff's current pleading fails to state a claim on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 13, 2007

                                       *s/ Janie S. Mayeron*
                                       JANIE S. MAYERON
                                       United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 31, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.