UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Anyanwu, | Civil No. 07-3266 (RHK/JSM) |
| Plaintiff-Appellant, | |
| v. | **ORDER** |
| Jeremy Christenson, | |
| Defendant-Appellee. | |

Plaintiff has filed a notice of appeal in this matter, (Docket No. 6), seeking appellate review of the Judgment entered on August 22, 2007, (Docket No. 8), which dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff did not tender the appellate court filing fee with his notice of appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 9.) That application is now before the Court.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or

legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application shows that he is not currently employed, and he is not receiving any income from any source. The IFP application also shows that Plaintiff has a balance of $168.47 in his trust account at the Minnesota Security Hospital in St. Peter, Minnesota, (where he is currently being detained), but he has no other assets of any kind. Based on the information furnished in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that this action was properly dismissed, Plaintiff's appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is considered to be taken "in good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 9), is GRANTED.

Dated:      8/31      , 2007

                                        s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge